■ Eugene S. Levy, Respondent-Appellant, v Julian S. Bush, Appellant-Respondent.—In an action to recover the reasonable value of legal services rendered to defendant's former wife in a matrimonial action, the parties cross-appeal from stated portions of an order of the Supreme Court, Queens County, dated November 30, 1977, which, *inter alia,* (1) denied defendant's motion for summary judgment, (2) dismissed defendant's counterclaim and all nine of his affirmative defenses, save the sixth, (3) directed defendant to serve a bill of particulars and (4) denied the branch of plaintiff's cross motion which sought leave to depose defendant's attorney. Order modified by (1) adding to the second decretal paragraph thereof, immediately after the words "trial court", the following: "and except the fifth affirmative defense and so much of the ninth affirmative defense and counterclaim as is affirmative defense", (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision denying the branch of the cross motion which sought to compel defendant to serve a bill of particulars and (3) deleting the fifth decretal paragraph thereof and substituting therefor a provision granting the branch of plaintiff's cross motion which sought leave to depose defendant's attorney. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The oral examination of defendant's attorney shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. In this action to recover the value of legal services rendered to defendant's former wife, it is certainly permissible for defendant to assert that the judgment of divorce and stipulation made at the time of the trial constitute a settlement of the issue of counsel fees. The affirmative defense relating thereto (the fifth) was thus improperly dismissed. The dismissal of the counterclaim renders plaintiff's demand for a bill of particulars academic. It was an abuse of discretion to deny so much of plaintiff's cross motion as sought leave to depose defendant's attorney. Martuscello, J. P., Shapiro, Margett and Cohalan, JJ., concur.

■ McLean Trucking Company, Appellant, v Anthony Auciello, Respondent.—Judgment of the Supreme Court, Queens County, dated July 27, 1977, affirmed, without costs or disbursements (see *Ryder Truck Lines v Maiorano,* 44 NY2d 364). Titone, J. P., Suozzi, Margett and Hawkins, JJ. concur.